## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STRIKE 3 HOLDINGS, LLC,

        *Plaintiff*,

      v.

JOHN DOE subscriber assigned IP address
73.163.167.28,

        *Defendant*.

Civil Action No. 18-1193 (RDM)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference.  *See* Dkt. 4.

### I.  BACKGROUND

Plaintiff Strike 3 Holdings LLC, is the owner of certain motion pictures involved in this action.  *See* Dkt. 1.  In the complaint, Plaintiff alleges that Defendant—who is identified by an IP address—is "committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures" and "distributing them to others."  *Id.* at 1–2 (Compl. ¶ 4).  Plaintiff seeks statutory damages and declaratory and injunctive relief prohibiting continued infringement.  *Id.* at 7–8 (Compl. ¶ 39).

Because Plaintiff is aware of Defendant's IP address and Internet Service Provider but not his or her identity, Plaintiff seeks leave to serve a third-party subpoena on Defendant's ISP—Comcast Cable Communications, LLC—that would require Comcast to identify Defendant.  Dkt. 4-5 at 4–5.  Because Defendant has not been named or served, no response has been filed to Plaintiff's motion.

## II.  LEGAL STANDARD

A party ordinarily "may not seek discovery from any source" before a conference under Rule 26(f) unless "authorized by ... a court order."  Fed.R.Civ.P. 26(d)(1).  "To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard."  *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014).  Good cause to take discovery prior to the Rule 26(f) conference exists where the discovery is necessary "before th[e] suit can progress further."  *Arista Records LLC v. Does 1– 19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (internal quotation marks omitted).  However, a plaintiff seeking discovery of the identities of unknown defendants "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendants."  *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (internal quotation marks and alteration omitted).

## III.  ANALYSIS

Upon consideration of the relevant legal authorities and Plaintiff's pleadings, the Court finds that Plaintiff has demonstrated that good cause exists to take discovery prior to the Rule 26(f) conference.  First, Plaintiff must serve Defendant before this lawsuit can progress, but, in order to effect service, Plaintiff needs to know Defendant's identity.  *See Arista Records LLC*, 551 F. Supp. 2d at 6; *see also Malibu Media, LLC v. Doe*, No. 15-986, 2015 WL 5173890 at *1 ("[I]t is questionable whether the Court could dismiss the case without allowing Plaintiff the opportunity for discovery of Defendant's identity.").  Second, Plaintiff has established a good faith basis for believing that Defendant is a District of Columbia resident.  To establish personal jurisdiction over a defendant under the District of Columbia's long-arm statute, Plaintiff must demonstrate that the defendant either is a "resident[] of the District of Columbia" or "at least

downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996.  Plaintiff alleges that "Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District" using "geolocation technology."  Dkt. 1 at 2 (Compl. ¶¶ 8–9); *see AF Holdings*, 752 F.3d at 996 (holding that "geolocation services" are "sufficiently accurate" to establish "some basis for determining whether a particular subscriber might live in the District of Columbia").  Accordingly, pursuant to its "broad discretion to . . . dictate the sequence of discovery," *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (internal quotation marks omitted), the Court will **GRANT** Plaintiff's motion for leave to serve a Rule 45 subpoena on Comcast Cable Communications, LLC, for the purposes of identifying Defendant's identity prior to a Rule 26(f) conference, Dkt. 4.

**SO ORDERED**.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge


Date:  June 13, 2018